IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CEDRIC MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-00963-DGK |
| | ) | |
| CARHOP FINANCE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER VACATING CLERK'S ENTRY OF DEFAULT**

This case arises out of pro se Plaintiff Cedric Mack's allegations that Defendant CarHop Finance "stole" (repossessed) his car and sold his financing contract, leaving him unable to determine who he should contact to retrieve his personal belongings from the car (Doc. 1-1). Now before the Court are Plaintiff's motion for default judgment (Doc. 16) and Defendant's motion to vacate the clerk's entry of default (Doc. 17). For the following reasons, Plaintiff's motion is DENIED, and Defendant's motion is GRANTED.

**Background**

On January 27, 2015, Plaintiff purchased a vehicle in Iowa from Interstate Auto Group, Inc., doing business as "CarHop." Plaintiff and Interstate Auto Group entered into a contract for sale. Subsequently, that contract was assigned—or, using Plaintiff's language, "sold"—to Universal Acceptance Corporation, doing business as "CarHop Finance." The vehicle at issue was ultimately repossessed in October 2016.

On December 4, 2019, Plaintiff filed a complaint against CarHop Finance seeking $100,000 in damages for the loss of his vehicle, the loss of his items inside the vehicle when it was repossessed, and emotional damages. On May 27, 2020, Plaintiff filed the Process Receipt and

Return purporting to show his Complaint was served on January 9, 2020 (Doc. 11). But the receipt shows only that a FedEx Envelop was received by the receptionist at CarHop Finance in Crystal, Minnesota. The address provided is not the address associated with either Interstate Auto Group or Universal Acceptance Corporation (Docs. 18-2, 18-3). Moreover, CarHop Finance, as named in the complaint, is not a legal entity.

On June 1, 2020, an Entry of Default was entered by the clerk (Doc. 14). On June 2, 2020, defense counsel entered her appearance. On June 8, 2020, Plaintiff sought a default judgment (Doc. 16). In response, Defendant filed a motion to vacate the entry of default, arguing service has not been made upon a proper legal entity and, even if it had, service was improper.

**I.    Plaintiff failed to properly serve Defendant.**

A federal court lacks jurisdiction over an improperly served defendant. *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838 (8th Cir. 1993). The burden of providing facts to support jurisdiction belongs to a plaintiff. *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir.) ("If jurisdiction has been controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction.") Federal Rule of Civil Procedure 4 governs proper service of process. Service upon a domestic corporation is proper if a copy of the summons and complaint is delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h)(1)(B). Neither Plaintiff nor anything in the record suggests service was accomplished pursuant to Rule 4(h).

However, service may also be accomplished by following the state law for service of process in the state where the court is located—here, Missouri—or the state where service is made—here, Iowa.[1] Fed. R. Civ. P. 4(e)(1). Missouri allows service upon a corporation in three

---

[1] While Plaintiff purported to serve CarHop Finance in Minnesota, the Court only considers the service of process rules of Iowa. The only potentially proper parties to this suit—Interstate Auto Group and Universal Acceptance

2

ways: "[1] by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or [2] by leaving the copies at any business office of the defendant with the person having charge thereof or [3] by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process." Mo. Sup. Ct. R. 54.13. Again, neither Plaintiff nor the record shows service being accomplished in any of the three ways. Plaintiff most closely approaches service under the second prong, but delivery to reception does not accomplish delivery to the person in charge of a business office. The record does not show that "J.Jackson" was in charge of the business office, and it is Plaintiff's burden to establish jurisdiction, including proper service.

Under Iowa R. Civ. P. 1.305(6), a corporation may be served by delivering a copy of the original notice to "any present or acting or last known officer, . . . any general or managing agent, or any agent or person now authorized by appointment or by law to receive service . . . ." Again, as noted above, Plaintiff only shows that service was made upon reception, and not upon any officer, agent, or person authorized to receive service.

Therefore, Plaintiff fails to establish he has properly served any defendant in this case.

## II. The Court may set aside the Entry of Default.

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "for good cause." In determining whether the defaulting party has good cause, the court considers whether its conduct "was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). Prejudice must be more than allowing defense on the merits but

---

Corporation—are both registered in Iowa with Iowa addresses for their registered agents. *See* Docs. 18-2, 18-3.

includes "loss of evidence [or] increased difficulties in discovery." *Id.*

Here, Defendant establishes that it was not blameworthy or culpable because Plaintiff failed to properly notify it of the pending suit. Defendant also establishes a meritorious defense because "CarHop Finance" is not a proper legal entity. Finally, Plaintiff is not prejudiced because he waited almost three years after the repossession of his car to file the complaint. Thus, the Court finds good cause to set aside the entry of default.

## Conclusion

Plaintiff's motion for default judgment (Doc. 16) is DENIED. Defendant's motion to vacate the clerk's entry of default (Doc. 17) is GRANTED. Defendant is hereby ORDERED to submit a responsive pleading within twenty-one days of this order.

**IT IS SO ORDERED.**

Date: August 17, 2020
/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT