# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CEDRIC MACK, | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:19-cv-00963-DGK |
| v. | ) |
| | ) |
| CARHOP FINANCE, | ) |
| Defendant. | ) |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

This lawsuit arises from pro se Plaintiff Cedric Mack's allegations that Defendant CarHop Finance[1] stole his car and sold the car's contract. Now before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 23). For the reasons stated below, the motion is GRANTED.

Rule 12(b)(6) allows a party to dismiss a complaint for failing to "state a claim upon which relief can be granted." While courts are instructed to "liberally" construe the complaints of pro se plaintiffs, they still must find "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted). In his filings, Plaintiff asserts various claims for recovery: "Other Contract," "Racketeer Influenced and Corrupt Organizations" ("RICO"), and—in a liberal reading—theft (Doc. 1-1 at 4; Doc. 1-3). However, he fails to adequately allege facts sufficient to establish claims which would grant him relief.

As far as Plaintiff's claim regarding a breach of contract between him and Defendant, his complaint fails to establish any terms regarding the alleged contract, any facts supporting the allegation Defendant "sold" said contract, or how the sale constituted a breach of the contract.

---

[1] The Court has already found that CarHop Finance is not a proper legal entity, and as such, was never properly served (Doc. 20).

Indeed, other than his own allegations, Plaintiff fails to provide any facts showing the existence of the contract.

Plaintiff also advances a claim under 18 U.S.C. § 1962, the statute that imposes civil liability for a violation of RICO.  To recover, plaintiff must adequately allege "(1) that the defendant violated 18 U.S.C. § 1962; (2) that the plaintiff suffered injury to business or property; and (3) that the plaintiff's injury was proximately caused by the defendant's RICO violation." *Fogie v. THORN Americas, Inc.*, 190 F.3d 889, 894 (8th Cir. 1999) (citations omitted).  A defendant can violate RICO in four ways.  § 1962(a)–(d).  All four ways require a showing the action or conspiracy to act in a "pattern of racketeering activity" or the "collection of an unlawful debt." *Id.*  A pattern of activity requires at least two acts.  18 U.S.C. § 1961(5).  An unlawful debt is a debt incurred through unlawful gambling or lending at a usurious rate.  18 U.S.C. § 1961(6).  Plaintiff asserts no facts claiming a pattern of racketeering activity or the collection of an unlawful debt as defined in § 1961, nor does he assert any conspiracy to do so.

Finally, Plaintiff alleges Defendant "stole" his car, but, as with his claim regarding a breach of contract, other than Plaintiff's assertion, there are no facts showing such a theft occurred.

For a complaint to survive a motion for dismissal under Rule 12(b)(6), there must be some facts plausibly supporting the claims in the complaint.  Because Plaintiff has failed to adequately plead his claims, his complaint is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  October 21, 2020              /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT